RECEIVED
IN ALEXANDRIA, LA.

MAR - 4 2013

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEITH ROACH | : | DOCKET NO. 2:12-3165 |
| VS. | : | JUDGE TRIMBLE |
| AIR LIQUIDE AMERICA, LP, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Citgo Petroleum Corporation's Motion to Dismiss" ( R. #9) wherein the mover seeks to have the instant complaint dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the complaint fails to state a claim upon which relief can be granted. Plaintiff opposes the motion.

## FACTUAL ALLEGATIONS

Plaintiff was employed by various contractors from 1985 until 2005 as a sandblaster/painter at Citgo Petroleum Corporation ("Citgo").[1] Plaintiff alleges that during this time period, he was exposed to dangerously high levels of toxic fibers, silica dust and other unreasonably dangerous materials and irritants in the normal course of his work.[2] In addition to Citgo, plaintiff has also asserted claims against numerous other defendant manufacturers who allegedly provided "masks and/or hoods" which "allowed excessive amounts of fiber, dust and sand through the filters and

---

[1] Plaintiff's complaint, R. #1, ¶ 17.

[2] Id., ¶ 19.

around the face piece and/or under the hood, exposing plaintiff to toxic dust, fiber and/or sand.[3] Plaintiff alleges in his complaint strict liability/negligent failure to warn, and premise liability/failure to provide a safe place to work. Plaintiff asserts that as a result of defendants' actions, he has suffered permanent, painful, disabling injuries, past, present, and future medical expenses, pain and suffering, emotional distress and mental anguish, loss of earnings and earning capacity, fear of cancer and other damages to be proven at trial.[4]

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[5] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[6] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[7] In other words, a motion to dismiss an action for failure to state a claim "admits the

---

[3] Id. ¶ 25.

[4] Id., ¶ 34.

[5] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

[6] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[7] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[8] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[9] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[11]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[12] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[13] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[14]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[15]

---

[8] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[9] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[10] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[11] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[12] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[13] Id.

[14] Id., at 557, 127 S.Ct. 1955.

[15] Id., at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Citgo asserts that plaintiff's complaint fails to put it on sufficient notice of the claims against it and thus runs afoul of the Supreme Court's pleading standards. Citgo seeks to be dismissed from the lawsuit, with prejudice.

Citgo complains that plaintiff fails to provide details about the masks and hoods worn by plaintiff, such as the how they were defective, the particular time period the masks were worn, who manufactured the different masks, the identity of each of plaintiff's employers, and/or who provided the masks and hoods to plaintiff during the period of silica exposure. As to premise liability, Citgo complains that plaintiff fails to provide a factual basis for his allegation of exposure to hazardous levels of silica, the frequency of such exposures and/or other details regarding the alleged overexposures. Citgo remarks that while the complaint does allege that Citgo was either aware or should have been aware of the dangerous conditions presented by exposure to respirable silica, the complaint fails to assert how Citgo allegedly had such knowledge.

Citgo notes that even though the complaint further asserts that Citgo failed and/or willfully withheld information from plaintiff regarding the knowledge of the dangers to his health from exposure to respirable silica, the complaint fails to set out facts to explain this assertion. Citgo further notes that the complaint alleges that Citgo failed to provide necessary protection, clean, respirable air and proper ventilation, and Citgo failed to warn contractors of the risks associated with exposure to respirable silica. Citgo complains that the complaint fails to say what protection Citgo failed to provide, and how Citgo failed to provide respirable air and proper ventilation. Citgo further complains that plaintiff has failed to state what information Citgo failed to provide to contractors and any explanation about what other acts give rise to liability that Citgo may have committed.

Plaintiff has asserted a claim for premises liability against Citgo. Louisiana Civil Code article 2317.1 provides that an owner or custodian of a thing that allegedly cause damages is only liable if: "(1) the thing was in the defendant's custody; (2) the thing contained a defect which presented an unreasonable risk of harm; (3) the defect caused the damage; (4) the defendant knew or should have known of the unreasonable risk of harm; and (5) the damage could have been prevented by the exercise of reasonable care by the defendant.[16]

Plaintiff alleges that he was exposed to hazardous levels of silica dust/respirable silica which caused lung injuries. Plaintiff further alleges that Citgo should have been aware of the plant's dangerous condition, and that plaintiff withheld this information. Citgo maintains that plaintiff fails to plead facts to support these conclusory allegations or to show that Citgo should be held liable. Citgo complains that plaintiff provides no details about his work history or information about the allegedly defective equipment he wore, nor does plaintiff allege facts about Citgo's knowledge, what information Citgo failed to provide plaintiff or his employers, or how Citgo failed to provide a safe work environment. Citgo further complains that plaintiff failed to allege facts as to how Citgo failed to provide a safe work environment, and no explanation as to how the alleged exposure caused plaintiff's alleged injuries or the nature of such alleged injury. Citgo contends that plaintiff has failed to allege facts to show that it acted unreasonably or how Citgo could have prevented the alleged injuries with the exercise of reasonable care. Thus, Citgo maintains that because plaintiff's petition is nothing more than a formulaic recitation of the elements of a cause of action, plaintiff fails to state a claim upon which relief can be granted.

---

[16] Grogan v. Women's & Children's Hosp., Inc., 981 So.2d 162, 165 (La.App. 3d Cir. 2008)).

Plaintiff posits that the complaint contains sufficient factual allegations that go well beyond the-defendant-unlawfully-harmed-me accusations and conclusory statements. Plaintiff argues that Citgo's alleged wrongful conduct is its failure to take certain steps and actions to protect plaintiff from respirable silica exposure and that failure to take those steps or precautions is what caused harm to plaintiff. Plaintiff suggests that at this stage of the litigation, he is not required to formulate issues.

Citgo argues that plaintiff does not provide critical factual support for his claims, including any fact indicating his exposure to hazardous levels of silica, the frequency that he allegedly experienced such exposures, how Citgo knew of the alleged dangers, what Citgo could have done in the exercise of reasonable care to prevent these alleged dangers, or other details regarding the circumstances of the alleged overexposures. Citgo reiterates that plaintiff's complaint contains only conclusory allegations that over a 20 year period, Citgo failed to provide necessary protection and failed to provide clean, respirable air which caused plaintiff injury. Citgo argues that these missing facts are critical to Citgo's ability to defend itself in this lawsuit and to plaintiff's ability to survive a Rule 12(b)(6) motion.

Citgo notes that plaintiff does not request leave to amend, nor does he offer any possible proposed amendment that could cure the deficiencies in his original complaint. Citgo maintains that under Rule 15(a) of the Federal Rules of Civil Procedure the jurisprudence requires a plaintiff to expressly request leave to amend and to set forth with particularity the grounds for the amendment and the relief sought.[17] Citgo remarks that plaintiff has failed to request leave to amend.

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint under

---

[17] Citing United States ex. rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 386 (5th Cir. 2003).

Federal Rule of Civil Procedure 8. According to Rule 8, a pleading stating a claim for relief must contain:(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[18]

The primary purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] The court must decide whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff and accept the pleaded facts as true.[21]

The court agrees with Citgo that the complaint is factually insufficient. However, when a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing with prejudice.[22] The court will allow plaintiff 30 days to amend the complaint to properly state a cause of action. In the alternative if no such

---

[18] Fed.R.Civ.P. 8(a).

[19] Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957).

[20] Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

[21] Id.

[22] See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002)("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."

amendment is forthcoming, the suit against Citgo will be dismissed with prejudice at plaintiff's costs.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be denied at this time. However, if no amendment curing the deficiencies in the complaint is filed within 30 days of this order, the court will *sua sponte* dismiss all claims against Citgo with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of March, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE