RECEIVED

JUN 1 9 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEITH ROACH | : | DOCKET NO. 2:12-3165 |
| VS. | : | JUDGE TRIMBLE |
| AIR LIQUIDE AMERICA, LP, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Citgo Petroleum Corporation's Memorandum in Support of Motion to Dismiss" (R. #33) wherein defendant, Citgo Petroleum Corporation ("CITGO") seeks to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because the amended complaint fails to allege sufficient facts to state a claim for relief against CITGO.

On March 4, 2013, the undersigned ruled that plaintiff's complaint was factually insufficient and granted plaintiff 30 days to file an amended complaint to cure the deficiencies. Plaintiff filed an amended complaint, however, CITGO has filed the instant motion to dismiss contending that the amended complaint fails to cure the deficiencies. Hence, CITGO argues that the amended complaint fails to state a claim against CITGO.

In our previous memorandum ruling, we noted CITGO's complaints that the complaint failed to allege facts as to the details about the masks and hoods worn by plaintiff and how they were defective, when the masks were worn, who manufactured the masks, the identity of plaintiff's employers, and/or who provided the masks and hoods to plaintiff during the period of silica exposure. We further noted CITGO's complaints that plaintiff failed to provide factual allegations

as to his exposure to hazardous levels of silica, the frequency of such exposures and/or other details regarding the alleged over-exposures.

We noted that the complaint failed to assert how CITGO had knowledge of the dangerous conditions presented by exposure to respirable silica, and that the complaint failed to explain CITGO's willful withholding of information regarding the dangers from exposure to respirable silica. We also noted CITGO's complaint that plaintiff failed to allege that CITGO failed to warn contractors of the risks associated with exposure to respirable silica, what protection CITGO failed to provide, and how CITGO failed to provide respirable air and proper ventilation. Finally, we noted CITGO's complaint that plaintiff failed to state what information CITGO failed to provide to contractors and any explanation about what other acts would give rise to liability.

The amended complaint makes the following additional allegations: Plaintiff was overexposed to silica "each day for 5 to 6 days a week, fifty weeks a year while working as a sandblaster/painter and/or sandblaster/painter helper which caused damages to plaintiff including but not limited to the contraction of silicosis. [1]

Plaintiff alleges that CITGO had the care, custody, and control over the silica containing sand and that it breached its duties owed under Louisiana Civil Code article 2317. Plaintiff also alleges that CITGO had a duty pursuant to Louisiana Revised Statute 23:13 to provide safety devices and safeguards and to adopt methods of processes reasonably adequate to make plaintiff's job safe.

The amended complaint alleges that CITGO was bound to know the dangers of silica dust

---

[1] Amended Complaint, ¶ 42, R. #30.

on or about 1986,[2] that CITGO had presumed knowledge of the dangers, but failed to keep plaintiff free from harm from silica dust.   Plaintiff further alleges that he was not provided with respiratory protection while being exposed to silica containing sand and silica particles.   Plaintiff further complains that he was forced to work inside tanks and was not provided with respiratory protection while being exposed to silica containing sand and silica particles.   Plaintiff alleges that CITGO breached the OSHA rules and regulations on controlling exposures to harmful silica containing dust and that he was exposed to silica containing dust far over the permissible limits while working.

Plaintiff complains that CITGO failed to comply with 29 CFR 1910.94 when forced to sandblast silica containing sand without the use of any respiratory protection; that he was overexposed to silica containing dust while working; and that CITGO failed to ensure that he used an airfed hood while sand blasting with silica containing sand.

Plaintiff argues that he has adequately pled CITGO's wrongful conduct.   In the amended complaint, plaintiff alleges that even in light of its knowledge of the dangers that respirable silica poses to human health,  CITGO failed to take certain steps and precautions to protect plaintiff.

Plaintiff further argues that he adequately pled daily activities that led to exposure in that he performed work as a sandblaster at the CITGO each day for 5 to 6 days a week, fifty weeks a year fro a period of over twenty years beginning in 1986.  He alleges that he was force to work inside tanks and was not provided with respiratory protection while sandblasting and being exposed to respirable silica.

Plaintiff also argues that he has adequately pled CITGO's knowledge of the dangers arising

---

[2] Urie v. Thompson, 337 U.S. 163, 180, 69 S.Ct. 1018, 1029 (1949) quoting Sadowski v. Long Island R.Co., 292 N.Y. 448, 456-457 (1944)).

from sandblasting citing a United States Supreme Court case[3] which held that as early as 1944, the dangers posed to those who work in silica dust was a matter of common knowledge that the defendant was bound to know. Additionally, Plaintiff alleges in the amended complaint that OSHA has promulgated rules and regulations on controlling exposures to harmful silica dust well before 1986. Even with this "presumed" knowledge, plaintiff alleges that CITGO failed to warn plaintiff or his employers that inhaling respirable silica could cause harm to his health.

Plaintiff maintains that he has adequately pled a cause of action pursuant to Louisiana Civil Code article 2317 (not 2327.1 because it was enacted some ten years after plaintiff began his employment at the CITGO facility) to assert a strict liability claim because CITGO had the care, custody and control over the facility and over the silica-containing sand being used there. Thus, plaintiff argues that taking the facts as true, he has sufficiently alleged that CITGO would be liable for his injuries.

Plaintiff maintains that he has adequately pled CITGO's duty pursuant to Louisiana Revised Statute 12:13[4] and that CITGO had knowledge of the dangers but did not provide adequate protection to prevent plaintiff from inhaling respirable silica. Therefore, plaintiff argues that he has adequately

---

[3] Id.

[4] La. R.S. 23:13 provides as follows:
**Employers' duty as to safety**

Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. Nothing in this Section shall apply to employment in private domestic service or to agricultural field occupations.

4

pled that CITGO breached its duty to provide a safe workplace to plaintiff and to provide safety devises or safeguards to keep him safe.

In deciding a 12(b)(6) motion, we must accept as true all well-pleaded statements, viewed in the light most favorable to the non-moving party.[5] A dismissal is not proper "unless it appears, based solely on the pleadings that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6] Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations"[7] and its purpose is to give notice to defendants of the claims made against it and the grounds upon which it rests.[8]

The court finds that the complaint and amended complaint, taken as true, contain sufficient factual allegations to give CITGO fair notice of what plaintiff's claims are and the grounds upon which they rest.

## CONCLUSION

Based on the foregoing, the supplemental motion to dismiss will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of June, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Eason v. Holt, 73 F.3d 600, 601 (5th Cir. 1996).

[6] Id.

[7] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).

[8] Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).