RECEIVED
APR 11 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KEITH ROACH | CIVIL ACTION NO. 2:12-3165 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AIR LIQUIDE AMERICA, ET AL | MAG. JUDGE KAY |

MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment Filed on Behalf of Axiall Corporation" (R. #147) wherein the mover seeks to be dismissed from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure.

STATEMENT OF FACTS

Plaintiff, Keith Roach, was an employee of painting and sandblasting companies that contracted with PPG to provide services at PPG's facilities. Defendant, Axiall Corporation ("Axiall") is the successor in interest to the Chlor-Alkali and Derivatives Chemical Division of PPG Industries, Inc. Plaintiff was never employed by PPG or Axiall. PPG employees did not advise plaintiff regarding the manner in which to perform his work or the use of safety equipment. Plaintiff's employers provided all painting/sandblasting equipment used by plaintiff in performance of his work as well as all safety equipment and respiratory protection. Plaintiff's direct employer obtained the painting/sandblasting media used by plaintiff in performance of his work from third party vendors. Plaintiff and his co-employees were responsible for moving sand/blasting media from the delivery point to the worksite. Silica containing dust was created by plaintiff and/or his direct employer during sand blasting activities.

1

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.

**LAW AND ANALYSIS**

In this lawsuit, plaintiff alleges that he contracted silicosis as a result of his exposure to silica dust while working as a painter/sandblaster for his direct employers at various facilities, including a facility owned by Axiall's predecessors. Axiall, formerly PPG, maintains that it did not breach any duty that it owed to plaintiff, and that it is entitled to judgment as a matter of law in its favor because there are no genuine issues of material fact in dispute.

Plaintiff works in the painting/sandblasting industry and began to perform this type of work in 1985. Plaintiff started off as a sandblaster helper and eventually became a journeyman sandblaster. Plaintiff performed painting and sandblasting work at the PPG facility as well as other facilities. Plaintiff's direct employers provided safety and respiratory protection equipment. PPG did not advise plaintiff on the use of the safety equipment.

In his complaint, plaintiff alleges he was exposed to toxic levels of silica while working at the PPG facilities for employers other than PPG which caused him damages, specifically the contraction of silicosis.

*Did Axiall owe plaintiff a duty? Did Axiall control or direct the manner of plaintiff's work?*

Axiall maintains that under Louisiana law, a principal does not owe a duty to the employees of its independent contractors for the negligent acts of those independent

contractors.[9] There are two narrow exceptions to this rule: (1) where the activities performed by subcontractors and their employees are deemed "ultrahazardous" and (2) where the principal controls or directs the manner in which the subcontractor's employees perform their work.[10] When the activity at issue is not ultrahazardous, the principal has no duty to ensure, through instructions or supervisions, that the independent contractor performs its obligations in a reasonably safe manner.[11] Moreover, a principal who exercises no operational control, has no duty to discover and remedy hazards created by acts of its independent contractors.[12]

The first exception with regards to an ultrahazardous activity does not apply in this case because sandblasting with silica is an activity wherein the risk of harm can be eliminated through the exercise of due care.[13]

Axiall maintains that it did not control or direct the manner of plaintiff's sandblasting while at the facility. Axiall relies on plaintiff's deposition testimony wherein plaintiff testified that no one from PPG controlled or directed his work; plaintiff did testify that he would receive guidance from paint inspectors with respect to checking his work, and he would get permits from engineers who would inform plaintiff what was to be done. The PPG inspector did not advise plaintiff as to safety equipment. Plaintiff testified that the painting inspector did not instruct him

---

[9] See Touchstone v. G.B.Q. Corp., 596 F.Supp. 805, 813 (E.D. La. 1984), citing Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604, 606 (La.App 1978) and Wallace v. Oceaneering Intern. 727 F.2d 427, 437 (5th Cir. 1984).
[10] Id.
[11] Hawkins v. Evans Cooperage Co.,Inc., 766 F.2d 904, 908 (5th Cir. 1985), citing Hyde v. Chevron U.S.A., Inc., 697 F.2d 614, 630 (5th Cir. 1983); McCormack v. Noble Drilling Corp., 608 F.2d 169, 175 (5th Cir. 1979), Kent v. Gulf State Utilities Co, 418 So.2d 493, 500 (La. 1982).
[12] Id.
[13] See Touchstone, 596 596 F. Supp. at 814.

as to the manner in which he was performing his work; he was only concerned with the results of the job.

Based on plaintiff's testimony, Axiall argues that the second exception does not apply because it did not control the manner in which the plaintiff performed his work at the PPG/Axiall facility. Plaintiff argues that his testimony creates a genuine issue of material fact as to whether or not Axiall, (then PPG) had control or directed the manner of plaintiff's work with regards to sandblasting. Plaintiff testified as follows:

> Q. In your first deposition and today - - let me ask you one more question along Mr. Shofstahl's lines. Did anyone from PPG ever direct your work?
>
> **Mr. Landry:**
>
> Object to the form. It calls for a legal conclusion.
>
> A. No, sir.
>
> **EXAMINATION BY MR. FOCO:**
>
> Q. Did any employee of PPG ever come out to the site where you were working and tell you what to do?
>
> **Mr. Landry:**
>
> Object to the form.
>
> A. You mean as far as the job scope?

5

**EXAMINATION BY MR. FOCO:**

Q. I mean did anyone with a PPG uniform or hat ever come and say: Mr. Roach, I need you to do X, Y, or Z?

A. Yes, sir. We had a paint inspector that would guide us. And the engineers out there, we'd have to get our permits from. And depending on what engineer you worked for, he would tell you what he wanted done in the area. The paint inspector would come out and check you to make sure you did the proper job.

\* \* \*

Q. The stuff that the PPG paint inspector would tell you about, did it have anything to do with the manner in which you were doing your job?

A. No, sir. Now, if he didn't like the way you was blasting something, he would tell you you had to reblast it, or they want it this way. It might not be white enough or too white.

Q. Is it fair to say that his concern was the result of the job?

A. Yes, sir.

Plaintiff further argues that under Louisiana law, the defendant is deemed to have exercised control over the subcontractor's work if it gave the subcontractor express or implied

authorization to engage in an unsafe practice.[14] Plaintiff relies on the affidavit of their expert, Vernon E. Rose to impute knowledge to PPG of the hazards posed by airborne respirable crystalline silica as a result of sandblasting operations.[15] Rose relies on reports and/or scientific studies[16] that have been published since the 1920s. The studies recommend (as a last resort) that personal protective equipment such as respirators may be necessary to protect against airborne contaminants.[17] Plaintiff argues that this knowledge of the hazard of airborne respirable crystalline silica as a result of sandblasting operations on its premises creates genuine issues of material fact as to whether the defendant gave Mr. Roach's sandblasting contractor employees express or implied authorization to engage in an unsafe practice.

Axiall relies on Kent v. Gulf States Utilities Co.,[18] wherein Axiall maintains that Louisiana law is clear that a principal's knowledge of unsafe practices does not give rise to any duty on the part of the principal. Thus, Axiall maintains that a principal's knowledge of unsafe practices by an independent contractor cannot be deemed either express or implied authorization of such practices as a matter of law.

The court finds that there is no genuine issue of material fact for trial; it is abundantly clear that defendant did not direct or control the manner in which the sandblasting was

---

[14] Lebleu v. S.Silica of Louisiana, 554 So.2d 852, 860 (La. Ct. App. 1989) writ denied, 559 So.2d 489 (La. 1990), citing Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 (La. Ct. App. 1986) writ denied, 503 So.2d 19 La. 1987) citing Ewing v. Petro Processors of La. Inc., 364 So.2d 604 (La.App. 1st Cir, 1978) writ denied, 366 So.2d 575 (La. 1979).
[15] Plaintiff's exhibit B, p. 2 ¶ ¶ 8 and 9.
[16] Including a national study of abrasive blasting operations sponsored by National Institute of Occupational Safety and Health (NIOSH) in the early 1970s.
[17] Exhibit 1 attached to Plaintiff's exhibit B, pp. 5-6 and 10, 13.
[18] 418 So.2d 493 (La.1982), Cormier v. Clemco Services Corp., 992 F.2d 324 (5th Cir. 1993), Touchstone, 596 F.Supp. at 805. Hawkins v. Evans Cooperage Co., Inc., 766 F.2d 904, 908 (5th Cir. 1985)(when an activity is not ultrahazardous, a "principal has no duty to ensure. . . that the independent contractor performs its obligations in a reasonably safe manner.)

performed, nor does the affidavit of plaintiff's expert impute knowledge that imposed a duty on this defendant. It is the employer's duty to determine the best means by which to accomplish the employee's work, and Axiall had no duty to intercede with the performance of that work. Therefore, Axiall cannot be found to have impliedly authorized any of the employer's practices and thus, liability as to Axiall may not be imposed.[19]

*Premises liability*

Plaintiff maintains that Axiall is directly liable under theories of negligence and strict liability. Plaintiff alleges that defendant failed to exercise reasonable care for plaintiff's safety while on its premise and further failed to provide him with a safe place to work. Specifically, plaintiff alleges that Axiall exposed Mr. Roach to unreasonable risks of injury or harm in its premises and as the premises owner for the damage caused by the airborne respirable crystalline silica which was under defendant's care, custody and control. Plaintiff complains that Axiall did not present summary judgment evidence to establish that it did not owe a direct and independent duty to plaintiff as the premises owner.

Plaintiff relies on the duty/risk analysis to establish Axiall's negligence and cites Smith v. Union Carbide Corp.,[20] wherein the court found the plaintiff, an owner, had a duty to take reasonable steps to ensure a safe working environment for the employees of an independent contractor.

---

[19] See Landry v. Huthnance Drilling Co., 889 F.2d 1469, 1471-72 (5th Cir. 1989).
[20] 2014 WL 4930457, at *4 (E.D. La. Oct. 1, 2014).

8

First, Axiall points out that this is an unreported district court opinion which improperly expanded Louisiana law regarding the scope of the general tort duty owed by a premises owner. Axiall notes that the Smith case relied on Thomas v. A.P. Green Industries, Inc.,[21] wherein the plaintiff was a carpenter who was exposed to asbestos contained on defendant's premises. This exposure was not an inherent risk in plaintiff's job as a carpenter because his job did not involve handling asbestos; the exposure arose due to plaintiff's mere presence at the job site. Axiall argues, and we agree, that Smith's imposition of such a duty with respect to a hazard that was inherent in the plaintiff's job was an improper expansion of Louisiana law. As noted by Axiall, there is a distinction between hazards that are inherent in a defendant's premises (for which a premises owner owes a duty) and hazards inherent in an independent contractor's job (for which a premises owner does not owe a duty).

In the instant case, the hazard was not inherent in defendant's premises; the airborne silica which was temporary in nature and transported to the facility by plaintiff's employer and/or a supplier. The hazard was inherent in the performance of the sandblasting. Therefore, we find that Axiall cannot be held directly liable as a premises owner.

The court further finds that it is the employer's duty to ensure plaintiff's safety with respect to the specific hazards created by the performance of his work.[22]

---

[21] 933 So.2d 843 (La.App. 4 Cir. 05/13/06); Jefferson v. Cooper/T Smith Corp., 858 So.2d 691 (La.App. 4 Cir. 10/1/03).
[22] See La. R.S. 23:13 which provides:
>Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other

9

## CONCLUSION

For the reasons set forth above, the court will grant Axiall's motion for summary judgment with prejudice at plaintiff's cost. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in chambers on this 11th day of April, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

thing reasonably necessary to protect the life, health, safety and welfare of such employees. . . .