U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 8 2016

TONY R. MOORE, CLERK
BY: _____M3_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KEITH ROACH | CIVIL ACTION NO. 2:12-03165 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AIR LIQUIDE AMERICA LP, ET AL | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Phillips 66 Company's Motion for Summary Judgment" (R. #159) wherein the mover seeks to dismiss with prejudice all claims filed against it by plaintiff at his cost. Defendant, Phillips 66 Company ("Phillips 66"), maintains that the summary judgment evidence submitted conclusively establishes that there is no genuine issue of material fact for trial and defendant is entitled to judgment as a matter of law.

### FACTUAL STATEMENT

Phillips 66 is the current owner of the Lake Charles Refinery previously owned by Conoco. In his complaint, Plaintiff alleges that he was an employee of painting and sandblasting companies that contracted with Conoco to provide services at Conoco's facilities. Plaintiff alleges that while working as a sandblaster/painter and/or sandblaster painter helper for employers other than Phillips 66, he was exposed to silica-containing sand.

Neither Conoco nor Phillips 66 directly employed plaintiff. Plaintiff's employers instructed him on the manner in which he performed his work. Conoco employees did not advise plaintiff regarding the manner in which to perform his work. Plaintiff's direct employers provided all painting/sandblasting equipment and materials used by plaintiff in the performance of his

1

work, including the silica sand. Plaintiff's direct employers provided all of the safety equipment and respiratory protection used by plaintiff in the performance of his work. Conoco did not provide silica-containing sand to plaintiff or his employers.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party,

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

In this lawsuit, Plaintiff maintains that Phillips 66/Conoco had knowledge of the existence of the hazard of airborne respirable crystalline silica on defendant's premises as a result of sandblasting operations. Plaintiff further maintains that Phillips 66/Conoco knew that the respiratory and safety equipment used by Mr. Roach was inadequate to protect him from the toxic levels of silica on defendant's premises. Plaintiff maintains that Phillips 66/Conoco knew that plaintiff's employers were engaging in unsafe practices while on its premises and further Phillips 66/Conoco failed to warn Mr. Roach of the hazards of airborne respirable crystalline silica, and also failed to take any steps to prevent these unsafe practices from existing on its premises for decades.

Under Louisiana law, a principal does not owe a duty to the employees of its independent contractors for the negligent acts of those independent contractors.[9] There are two narrow exceptions to this rule: (1) where the activities performed by subcontractors and their employees are deemed "ultrahazardous" and (2) where the principal controls or directs the manner in which the subcontractor's employees perform their work.[10] When the activity at issue is not ultrahazardous, the principal has no duty to ensure, through instructions or supervisions, that

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.
[9] See Touchstone v. G.B.Q. Corp., 596 F.Supp. 805, 813 (E.D. La. 1984), citing Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604, 606 (La.App 1978) and Wallace v. Oceaneering Intern. 727 F.2d 427, 437 (5th Cir. 1984).
[10] Id.

the independent contractor performs its obligations in a reasonably safe manner.[11] Moreover, a principal who exercises no operational control, has no duty to discover and remedy hazards created by acts of its independent contractors.[12]

The first exception with regards to an ultrahazardous activity does not apply in this case because sandblasting with silica is an activity wherein the risk of harm can be eliminated through the exercise of due care.[13] Plaintiff argues that Phillips 66/Conoco either expressly or impliedly authorized an unsafe work practice. "Where an available safe method, which includes the taking of adequate precautions, will render it at least ordinarily safe, and the work is done in an unsafe manner, the [principal] will be liable if he has expressly or impliedly authorized the particular manner which will render the work unsafe, and not otherwise."[14]

First, plaintiff presents no evidence to dispute defendant's contention that Phillips and/or Conoco did not directly control the manner of plaintiff's sandblasting. Plaintiff relies on the affidavit and expert report of Dr. Vernon E. Rose to establish that Phillips 66/Conoco should have known of the hazards posed by airborne respirable crystalline silica as a result of sandblasting operations. Generalized knowledge of the principal of the hazards of respirable crystalline silica is not sufficient to create a duty of the principal to the employee of an independent contractor.[15]

---

[11] Hawkins v. Evans Cooperage Co.,Inc., 766 F.2d 904, 908 (5th Cir. 1985), citing Hyde v. Chevron U.S.A., Inc., 697 F.2d 614, 630 (5th Cir. 1983); McCormack v. Noble Drilling Corp., 608 F.2d 169, 175 (5th Cir. 1979), Kent v. Gulf State Utilities Co, 418 So.2d 493, 500 (La. 1982).
[12] Id.
[13] See Touchstone, 596 F. Supp. at 814.
[14] Bartholomew v. CNG Producing Co., 832 F.2d 326, 329 (5th Cir. 1987)
[15] Touchstone, 596 F.Supp. 805, 813-14.

Plaintiff further contends that Phillips 66/ Conoco required the use of silica despite safer alternatives. There is no evidence presented to this court to support that contention other than plaintiff's deposition testimony that there was alternative blasting media available. Mr. Roach testified that StarBlast was only used on "special jobs" because of how expensive it was to use and also black grit referred to as "Black Beauty."[16] Plaintiff was not certain as to when Black Beauty was available at Conoco. StarBlast was made available somewhere around 1994 and 1995. The court finds this evidence is not sufficient to establish that defendant either expressly or impliedly ordered its sandblasting contractors to engage in an unsafe work practice which created the hazard of airborne respirable crystalline silica on its premises that would impose a duty on Phillips 66 and/or Conoco.

Next, plaintiff maintains that defendant failed to advise Mr. Roach on the proper and adequate equipment needed to avoid the hazard. As noted previously, the principal does not owe a duty to the employees of its independent contractors for the negligent acts of the independent contractors when the principal did not direct or control the means by which the independent contractor's work was performed.

### CONCLUSION

The court finds that there is no genuine issue of material fact for trial; Phillips 66/Conoco owed no duty to plaintiff, and therefore defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against this defendant at plaintiff's costs. The Court determines that

---

[16] Plaintiff' exhibit B, Keith Roach depo. p. 58.

there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 28th day of June, 2016.

*/s/ James Trimble*
**JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE**