U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 8 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

KEITH ROACH                                        CIVIL ACTION NO. 2:12-03165

VERSUS                                             JUDGE JAMES T. TRIMBLE, JR.

AIR LIQUIDE AMERICA LP, ET AL                      MAG. JUDGE KAY

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment Filed on Behalf of Citgo Petroleum Corporation" (R. #154) wherein the mover seeks pursuant to Rule 56 of the Federal Rules of Civil Procedure to have the court dismiss all of the claims brought against it. Citgo maintains that it owed no duty to plaintiff, or in the alternative, plaintiff's claims are barred by the statutory-employer doctrine.

## STATEMENT OF MATERIAL FACTS

Plaintiff, Keith Roach, was an employee of painting and sandblasting companies that contracted with Citgo to provide services at Citgo's facilities at various times. Plaintiff alleges that while working at the Citgo Refinery, he was exposed to dangerously high levels of toxic fibers commonly known as silica dust which caused him injury. Plaintiff has filed suit against various defendants asserting the following causes of action: (1) strict liability/failure to warn and (2) premise liability/failure to provide a safe place to work.

Citgo's Lake Charles Manufacturing Complex consists of a crude oil refinery and several other manufacturing units outside of that refinery in Sulphur, Louisiana.  As part of its general maintenance program, Citgo requires sandblasting and painting of equipment which is a routine

1

and regular practice. Citgo has contracted out most of the sandblasting work during the relevant period. Sandblasting is considered low-wage work which does not require a high degree of skill and training.   Contractor employees performing sandblasting use their own sandblasting equipment and materials and are supervised by their employers; the employers further provide safety equipment and supervise the use of any safety equipment as well.

Plaintiff, Keith Roach, was an employee of certain painting and sandblasting companies that contracted with Citgo. Mr. Roach was not employed by Citgo and Citgo did not advise plaintiff regarding the manner in which to perform his work. Plaintiff was responsible for moving sandblasting media from the delivery point to the worksite. The silica dust was created by plaintiff and/or his direct employer; the court has determined that the presence of said silica dust was a temporary condition.[1]

Plaintiff contends that there is a genuine issue of material fact as to whether or not Citgo expressly or impliedly authorized Mr. Roach and his employer to use silica as the blasting media despite safer alternatives and with knowledge that Mr. Roach was not adequately protected from the hazards of airborne respirable crystalline silica.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any

---

[1] See Memorandum Ruling R. #151 dated April 11, 2016.

material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9]

## LAW AND ANALYSIS

In this lawsuit, plaintiff alleges that he contracted silicosis as a result of his exposure to silica dust while working as a painter/sandblaster for his direct employers at various facilities, including a facility owned by Citgo.  Between 1986 and present day, plaintiff worked for Tipco,

---

[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.

Triangle Engineers, Norwood, and Brock Services.  Between 1986 and 1987, for about six (6) months, plaintiffs worked as a blaster's helper and a painter's helper; during that six month period, 90% of that work was at Citgo.[10] From 1987 to 1992, plaintiff worked at Citgo for about three years.[11] During that three (3) year period, plaintiff blasted 40% of the time, and for the remainder of that time, he performed tasks such as rigging, prepping and painting.[12]

From 1992 until 1996, while working for Norwood, plaintiff spent about 10% of his time at a Citgo operated tank farm both painting and occasionally blasting.[13]  From 1996 until 1999, plaintiff spent about two months a year blasting and supervising at Citgo facilities.[14] From 2000 until the present day, plaintiff worked at a Citgo facility about seven (7) or eight (8) times with each engagement lasting approximately a month or two.[15]

Plaintiff retained an expert, Vernon Rose,[16] who opined that plaintiff's overexposure to silica began in 1986 and lasted until about 1992. He also opined that his "subsequent exposures, up to the time of his retirement, would have also been reduced thus materially reducing the risk of developing a silica related disease."[17] Citgo contends that it owed no duty to plaintiff as a matter of law, or in the alternative, Citgo was plaintiff's statutory employer and thus, plaintiff's claims are barred on that basis.

---

[10] Citgo depo. depo. of Keith Roach, pp. 1897-88.
[11] Id. at p. 192.
[12] Id. at pp. 192 and 194.
[13] Id. at p. 211.
[14] Id.  at  p. 211-13.
[15] Id. at pp. 220-223, 226.
[16] Mr. Rose is an industrial hygiene expert.
[17] Plaintiff's exhibit D, p. 15, R. #154-5.

*Duty of Citgo*

Citgo argues that it stands in the exact same position as defendant, Axiall (PPG) in that it owed no duty to plaintiff while he worked on its premises based on supporting law and our Memorandum Ruling which dismissed Axiall for the lack of a duty owed to plaintiff.[18] Citgo remarks that just as with Axiall, it was not plaintiff's employer, and that Citgo only checked to see if plaintiff's work was being performed properly, but did not supervise his daily work, nor control his work. Also, plaintiff's employer provided the sandblasting and safety equipment. Consequently, Citgo maintains that it owed no duty to an employee of an independent contractor for the negligent acts of those independent contractors.

Under Louisiana law, a principal does not owe a duty to the employees of its independent contractors for the negligent acts of those independent contractors.[19] There are two narrow exceptions to this rule: (1) where the activities performed by subcontractors and their employees are deemed "ultrahazardous" and (2) where the principal controls or directs the manner in which the subcontractor's employees perform their work.[20] When the activity at issue is not ultrahazardous, the principal has no duty to ensure, through instructions or supervisions, that the independent contractor performs its obligations in a reasonably safe manner.[21] Moreover, a

---

[18] R. #151.

[19] See Touchstone v. G.B.Q. Corp., 596 F.Supp. 805, 813 (E.D. La. 1984), citing Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604, 606 (La.App 1978) and Wallace v. Oceaneering Intern. 727 F.2d 427, 437 (5th Cir. 1984).

[20] Id.

[21] Hawkins v. Evans Cooperage Co.,Inc., 766 F.2d 904, 908 (5th Cir. 1985), citing Hyde v. Chevron U.S.A., Inc., 697 F.2d 614, 630 (5th Cir. 1983); McCormack v. Noble Drilling Corp., 608 F.2d 169, 175 (5th Cir. 1979), Kent v. Gulf State Utilities Co, 418 So.2d 493, 500 (La. 1982).

principal who exercises no operational control, has no duty to discover and remedy hazards created by acts of its independent contractors.[22]

The first exception with regards to an ultrahazardous activity does not apply in this case because sandblasting with silica is an activity wherein the risk of harm can be eliminated through the exercise of due care.[23]

Citgo has presented the deposition testimony of plaintiff to support its position that plaintiff's work did not involve ultrahazardous activities and Citgo did not control or direct plaintiff's work. Thus, Citgo maintains that plaintiff's claims must be dismissed because it did not owe a duty to plaintiff.

One of the exceptions to the independent contractor defense is if the principal exercises control over those acts or expressly or impliedly authorizes an unsafe practice. [24] Plaintiff's position is that Citgo either expressly or impliedly authorized the use of silica blast media despite safer alternatives such as "Black Beauty."[25]

Plaintiff argues that there exist genuine issues of material fact as to whether or not defendant expressly or impliedly authorized Mr. Roach or his employers to engage in unsafe work

---

[22] Id.

[23] See Touchstone, 596 596 F. Supp. at 814.

[24] See Bartholomew v. CNG Producing Co., 832 F.2d 326, 329 (5th Cir. 1987) citing Hawkins v. Evans Cooperage Co., Ind., 766 F.2d 904, 906 (5th Cir. 1985); Wallace v. Oceaneering Int'l, 7274 F.2d 427, 437 (5th Cir. 1984); Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 (La.App. 1986), writ denied, 503 So.2d 19 (La. 1987); Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604, 606-07 (La. App. 1978), writ denied, 366 so.2d 575 (La.1979). See also LeBleu v. S.Silica of Louisiana, 554 so.2d 852, 860 (La. Ct. App. 1989) writ denied, 559 So.2d 489 (La.1990) and writ denied, 559 So.2d 490 (La. 1990) and writ denied, 559 So.2d 491 (La.1990).

[25] Plaintiff's exhibit B, Roach depo. p. 56, 201, 218.(according to plaintiff's deposition, "Black Beauty" is black grit or Starblast... depending on what was being blasted).

practices on its premises and/or whether or not defendant owed an independent duty to plaintiff as it concerns plaintiff's claims against defendant for its direct liability under theories of negligence and premises liability pursuant to Louisiana Civil Code article 2317. Additionally, plaintiffs maintain that there are genuine issues of material fact as to whether plaintiff was significantly exposed to silica at Citgo's premises from 1997 to 2007 which plaintiffs argue would foreclose the imposition of the statutory employer theory pursuant to Louisiana Revised Statute 23:1061. And lastly, plaintiffs contend that Citgo's motion for summary judgment is premature because discovery is ongoing.[26]

Plaintiff relies on <u>Sandbom v BASF Wyandotte, Corp.,</u>[27] to support its position that Citgo either gave express or implied authorization for an unsafe practice.   We find this case distinguishable. In <u>Sandbom</u>, the principal established clear standard work safety practices and procedures to be followed with respect to the job being performed and failed to follow any of its own policies and procedures.  The trial court determined that based on the evidence presented, the principal had violated its own safety practices and procedures. Thus, we find this case is distinguishable from the instant case.[28]

---

[26] The court recognizes that this case was originally filed in state court on October 12, 2012 being removed to this court shortly thereafter. Citgo was an original defendant. The instant case was originally set for trial for January 11, 2016 and continued due to other defendants being added by amended complaints; expert reports were due September 15, 2015 and expert discovery was to be completed by November 15, 2015; plaintiff's deposition was completed on June 26, 2015. The matter was reset for trial on September 15, 2016 for September 12, 2016, and there are no motions to compel discovery filed as of this date. Accordingly, the court declines to accept plaintiff's contention that Citgo's motion should not be granted because discovery is ongoing.

[27] 674 So.2d 349 (La.App. 1 Cir. 4/30/96).

[28] Nor do we find <u>Dupre v. Chevron U.S.A., Inc.</u>20 F.3d 154 (5th Cir. 1994) helpful as it involved violations of known safety rules and regulations by the principal.

Plaintiff also relies on <u>Jefferson v. Cooper/T Smith Corp.</u>, [29] wherein the appellate court reversed the trial court's grant of a motion for summary judgment in favor of the principal. The appellate court found that there was a genuine issue of material fact for trial because the depositions of the independent contractor's employees, various exhibits, documents and internal memoranda indicated that the principal knew or should have known of the presence of the asbestos and the danger it posed to persons on its premises. We find this case distinguishable as well; as we stated in our ruling dismissing defendant, Axiall,[30] we will not, through the affidavit of an expert, impute knowledge of unsafe practices (the use of silica) to the defendant that imposes a duty on said defendant.

Next, plaintiff presents his testimony that a safer, alternative media was known by Citgo, but they chose not to use it.  Plaintiff seems to imply that Citgo ordered the use of silica for outside work on the tank farm in order to avoid dealing with the EPA. Plaintiff relies on his deposition testimony to support his position that a safer alternative was available, thus, Citgo either expressly or impliedly authorized an unsafe work practice. Plaintiff's deposition testimony does not establish exactly when this alleged "safer alternative" was utilized or if it was in fact a "safer alternative"; plaintiff further comments that the use of an alternative media depended upon what was being blasted.[31] Plaintiff testified that after about 1989 or 1990, Black Beauty was

---

[29] 858 So.2d 691 (La.App. 4 Cir. 10/1/03).

[30] See Memorandum Ruling, R. #151 dated 4/11/2016.

[31] Id.

used for all indoor blasting, but was not preferred for outdoor blasting because the black grit could be seen by the EPA flying overhead and appear to be an oil spill.[32]

We do not find that this alleged conduct establishes that Citgo expressly or impliedly authorized the use of an unsafe practice such that this conduct would impose a duty on Citgo.

In the alternative, Citgo maintains that it was a statutory employer and therefore it is immune from tort liability. Because we have found that Citgo, as a principal, owed no duty to plaintiff and thus should be dismissed, we decline to address this argument made by Citgo.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Citgo will be granted dismissing with prejudice this defendant. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana on this 28 day of June, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[32] Id.