U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 11 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KEITH ROACH | CIVIL ACTION NO. 2:12-03165 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AIR LIQUIDE AMERICA LP, ET AL | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of American Optical Corporation" (R. #164) wherein defendant American Optical Corporation ("AO") moves for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure. AO maintains that plaintiff has failed to provide credible evidence that he used an AO respirator or other AO product during his employment as a foreman, sandblaster and sandblaster helper for protection against the inhalation of respirable silica and other harmful substances.

### FACTUAL STATEMENT

Plaintiff, Keith Roach, worked as a sandblaster, sandblaster helper, painter, foreman and painter at various worksites in the Lake Charles area from late 1986 until the present. Mr. Roach was employed by several contractors and worked around sandblasters while blasting was being conducted with sand; he also swept up residual sand, tended pots and other chores. While working as a sandblaster helper and/or sandblaster for Tipco and Triangle from 1986 through 1992, plaintiff testified that for the most part, he was not provided any respiratory protection. He further testified that he and his co-workers used a t-shirt which they wrapped around their nose and mouth (referred to as "head rags"). On rare occasions, plaintiff was furnished a filtering

1

face piece (a.k.a. "disposable") respirator which he described as being cup shaped, composed of white material with two yellow straps and an aluminum piece on the bridge of his nose; occasionally he wore a disposable respirator having a single blue strap. While working for Tipco and Triangle, plaintiff could recall only one brand of disposable respirator – "3M."

Plaintiff testified that while working for Norwood in 1992, he never wore a filtering face piece respirator and very rarely wore such respirators when working on other jobs for Norwood. Plaintiff testified that the only brand respirator he recalled while working for Norwood was a 3M filtering face piece respirator with two yellow straps.

From 1996 until present day, plaintiff testified that while working for Brock, he used the yellow two-strap disposable respirator while operating the "needle-gun," which did not involve exposure to silica, and sporadically for other purposes. Plaintiff did not identify a manufacturer for the respirator that he used since 1996.

Plaintiff testified that he had never heard of the brand American Optical and to his knowledge had not used its products. During the period from 1986-1996, AO and the purchaser of its respirator line marketed a filtering face piece respirator, called the AO 1010, which fits the description of the filtering face piece respirator described by plaintiff. At least three respirator companies marketed such respirators having a virtually identical appearance to the one plaintiff described.

After viewing a book containing photographs of respiratory protection products, plaintiff picked out two disposable respirators which he said looked like products he used during his

career. One of the respirator photos was the 3M 8710 and the other was the AO 1010; the AO1010 was virtually identical to the 3M respirator.

Plaintiff chose the AO 1010 because of its appearance, specifically it was white, had two yellow straps and an aluminum piece on the nose. He was not aware of the brand or manufacturer of the product. AO has never manufactured a disposable respirator having a single blue strap. It is undisputed that the AO 1010 and 3M 8710 are virtually identical in appearance.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.

adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

In their motion for summary judgment, defendant AO maintains that there is no credible evidence that plaintiff ever used an AO product in the course of his work as a sandblaster, sandblaster helper, and painter for protection against the inhalation of respirable silica. AO remarks that plaintiff provided no identification of the brand or manufacturer of the yellow two-strap disposable respirator he used since 1986. According to his deposition testimony, plaintiff identified the 3M respirator and further testified that he had never heard of the AO brand and to his knowledge had not used its products.[9]

Plaintiffs rely solely on the fact that 3M respirators and the AO1010 respirator look alike and that plaintiff picked out of a Silicosis Litigation Exhibit Book an AO mask based on that similar appearance. However, plaintiff testified that the mask he wore bore no writings to identify its manufacturer; the AO 1010 respirator has red lettering on its face. The court finds that the evidence submitted by plaintiff is not sufficient to create a genuine issue of material fact for trial.

---

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.
[9] AO Keith Roach depo.,exhibit B, pp. 202-203.

4

## CONCLUSION

The motion for summary judgment filed by American Optical Corporation will be granted dismissing with prejudice plaintiff's claims against this defendant. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 11th day of July, 2016.

```
                    _____
                         JUDGE JAMES T. TRIMBLE, JR.
                         UNITED STATES DISTRICT JUDGE
```